S00Y0168. IN THE MATTER OF DAVID EDWARD BETTS.
(526 SE2d 545)

PER CURIAM.

Petitioner David E. Betts was disbarred in 1986, after voluntarily surrendering his license to practice law. *In the Matter of Betts*, 255 Ga. 518 (342 SE2d 467) (1986). In his Petition for Voluntary Surrender, Betts admitted he had committed acts of theft by taking and forgery in the first degree for which he was indicted and convicted. This is Betts' second petition for reinstatement, his first having been denied by this Court in 1993. The instant petition was filed with the State Disciplinary Board and certified by the Clerk of the Supreme Court on April 9, 1997. A special master was appointed by this Court and, after a hearing, the special master issued a report containing findings of fact and conclusions of law and recommending that Betts' petition for reinstatement be granted. The special master's findings, conclusions and recommendation were adopted by the Review Panel of the State Disciplinary Board in its report issued January 20, 1998. The record in this case was then forwarded to the Board to Determine Fitness of Bar Applicants. By way of a letter dated October 7, 1999, the Board to Determine Fitness advised Betts and this Court that there was clear and convincing evidence to support approval of Betts' application for certification of fitness to practice law.

Betts now requests that this Court approve his petition for reinstatement, asserting that he has met the requirements for approval of his petition under State Bar Rule 4-301 et seq. Among the findings made by the special master following the evidentiary hearing, this Court takes note of the following: (1) that no bar disciplinary complaints were ever filed against Betts for the acts and conduct committed by him; (2) that since the denial of his first petition for reinstatement, Betts has pursued advanced study in the ministry at Columbia Theological Seminary and Westminster College, Cambridge, England; (3) that Betts is held in high esteem by many lawyers, judges and lay persons who recognize his legal competence and skill, many of whom believe he should be reinstated to the practice of law; (4) that Betts continues to be an active member of his church and has successfully held his family together through the years following his imprisonment; (5) that in January 1995, Betts was appointed by the Superior Court of Fulton County as an Auditor and Receiver and suc-

cessfully managed over $350,000 in funds to the superior court's satisfaction; (6) that over 12 years have passed since Betts surrendered his license; and (7) that only one witness was offered by the General Counsel to testify that Betts had not been rehabilitated.

The special master found that Betts is fit to practice law in Georgia. The Review Panel adopted the special master's findings and recommends that this Court approve Betts' petition for reinstatement. Additionally, the Board to Determine Fitness of Bar Applicants has certified Betts as fit to practice law. Bar Rule 4-305.

It appears that Betts has met the procedural requirements under Bar Rule 4-301 et seq. for approval of his petition for reinstatement. Further, based upon the facts in this case, it appears that Betts has met the legal standards and burden of proof to be reinstated to the State Bar of Georgia. This Court hereby adopts the recommendation of the Review Panel and approves Betts' petition for reinstatement.

We therefore order that Betts be reinstated as an attorney licensed to practice law in the State of Georgia, conditioned upon his satisfaction of all of the requirements of Part B, Rules Governing Admission to the Practice of Law including taking and passing the Georgia Bar Examination and achieving a scale score of 75 on the Multi-state Professional Responsibility Examination. Bar Rule 4-305.

*Petition for Reinstatement accepted. All the Justices concur, except Hunstein, J., who dissents.*

DECIDED FEBRUARY 14, 2000.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.